**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION (DETROIT)**

| | |
|---|---|
| **DAVID L. STOCKMAN,** | |
| Defendant & Counter-Plaintiff, | |
| **v.** | |
| **NEOGENOMICS LABORATORIES, INC.,** | **Case No. 4:25-cv-14038** |
| Plaintiff & Counter-Defendant, | |
| and | |
| **MICHIGAN HEALTH CLINICS, P.C.,** | |
| Defendant. | |

---

### NeoGenomics Laboratories' Motion for Clarification of Deadline

---

NeoGenomics Laboratories, Inc. ("NeoGenomics") respectfully requests the Court provide clarification on NeoGenomics' deadline to respond to David L. Stockman's ("Stockman") notice of removal given his procedural failure to serve or provide notice to NeoGenomics. Stockman failed to fully effectuate his notice of removal under 28 U.S.C. § 1446(a) and (d) and such attempted removal is untimely under 28 U.S.C. § 1447. Because Stockman did not meet the procedural requirement of removal, NeoGenomics submits that its deadline to file any motion to remand for

non-jurisdictional grounds should be based on, at the earliest, the date on which Stockman filed a notice of service of his notice of removal. NeoGenomics respectfully requests the Court provide clarification on its deadline to move to remand this action for non-jurisdictional reasons.

In compliance with LR 7.1(a), NeoGenomics states that this motion is emergent in nature based on the relief sought which prevents ample time to confer with Stockman. *See* LR (7.1)(a)(2)(C). Despite that, NeoGenomics provided notice to Stockman of its intent to file this motion and brief in support of on January 13, 2026 at 5:27 pm CT via email. NeoGenomics requested that Stockman respond by twelve-noon central time on January 14, 2026 if he opposed the requested relief. NeoGenomics has not received any response from Stockman in response to that notice.

Respectfully submitted this 14th day of January, 2026.


*/s/ Daniel J. Martin*
Daniel J. Martin
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL  35203
(205) 251-8100
dmartin@balch.com

## PROOF OF SERVICE

I certify that on January 14, 2026, I served all parties with a copy of NeoGenomics' foregoing motion via the ECF system via PACER as well as certified mail as follows:

David L. Stockman
3871 Fortune Boulevard
Saginaw, MI 48603

Michigan Health Clinics, P.C.
3925 Fortune Boulevard
Saginaw, MI 48603

*/s/ Daniel J. Martin*
Daniel J. Martin
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL  35203
(205) 251-8100
dmartin@balch.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)**

**DAVID L. STOCKMAN,**

      Defendant & Counter-Plaintiff,

**v.**

**NEOGENOMICS
LABORATORIES, INC.,**

      Plaintiff & Counter-Defendant,

and

**MICHIGAN HEALTH CLINICS,
P.C.,**

      Defendant.

**Case No. 4:25-cv-14038**

---

**NeoGenomics Laboratories' Brief in Support of Its
Motion for Clarification of Deadline**

---

NeoGenomics Laboratories, Inc. ("NeoGenomics") submits this brief in supports of its motion for clarification of deadline to respond to David L. Stockman's ("Stockman") notice of removal given his procedural failure to serve or provide notice to NeoGenomics. In further support, NeoGenomics states as follows:

1.     On September 20, 2024, NeoGenomics amended its existing complaint to add Stockman as a party in his individual capacity in the case styled *NeoGenomics*

*Laboratories, Inc. v. Michigan Health Clinics, P.C.,* Case No. 23-002346-CB, in the State of Michigan 10th Judicial Circuit Business Court (the "State Court").

2.      After intermediate motion practice, NeoGenomics further amended its complaint under MCR 2.116(C)(8) on or about October 21, 2025.

3.      Stockman filed his notice of removal with the Court on December 15, 2025 (the "Removal").

4.      Stockman represented in the Removal that he effectuated service on NeoGenomics in compliance with 28 U.S.C. § 1446(d) (requiring the removing party shall file a notice of removal with the state court and adverse parties "promptly" to effect the removal).

5.      Stockman never served NeoGenomics or otherwise provided notice to NeoGeonomics of the Removal. *See* Exhibit A, Affidavit of Colleen Harris.

6.      Further, Stockman did not file notice of the Removal with the State Court until January 2, 2026—eighteen (18) days after filing the Removal with this Court. A true and correct copy of the Trial Court stamped notice of Removal is attached as Exhibit B.

7.      NeoGenomics only received notice of the Removal via the State Court's judicial assistant on or about January 7, 2026, when she notified counsel of the January 2, 2026 filing in State Court. A true and correct copy of the email from

2

the Trial Court's judicial assistant received on January 7, 2026, is attached hereto as Exhibit C.

8.     28 U.S.C. § 1446(a) requires a removing party to file a notice of removal in the appropriate United States District Court along with a copy of "all process, pleadings, and orders served upon such [party or parties] in such action."

9.     Under 28 U.S.C. § 1447, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

10.     Under 28 U.S.C. § 1446(d), Stockman's failure to serve NeoGenomics means that the removal was never fully effected. *See*, Charles A. Wright Et Al., Fed. Prac. & Proc. § 3736 (Rev. 4th ed. 2001) ("[R]emoval is effected by the defendant taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties. . . .   [I]t seems unfair to hold that a state court can be stripped of its jurisdiction even though it has not received notice of removal. . . . Accordingly, the sounder rule, and the one most consistent with the language of Section 1446(d) of Title 28, is that **removal is not effective until the defendant has taken all the steps required by the federal statute.**" (internal citations omitted) (emphasis added)).

11.     At best, Stockman's filing of the Removal on January 2, 2026 with the State Court was when the removal was fully effected under 28 U.S.C. § 1446(d)

("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall **give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal**[.]" (emphasis added)).

12.    Due to Stockman's failure, whether intentional or a mere failure to understand the intricacies of removal as a *pro se* litigant, NeoGenomics did not receive notice of the Removal until more than half of the thirty (30) day deadline to remand had lapsed, if it runs from filing of the Removal despite lack of service.

13.    The 30-day deadline for a motion to remand is not jurisdictional. *See Nessel on behalf of People of Michigan v. Enbridge Energy, LP,* 104 F.4th 958, 969 (6th Cir. 2024)*, cert. granted sub nom. Enbridge Energy, LP v. Nessel,* 145 S. Ct. 2843, 222 L. Ed. 2d 1128 (2025) ("Section 1447(c) provides that a plaintiff's motion to remand 'on the basis of any defect other than lack of subject matter jurisdiction,' such as untimely removal, 'must be made within 30 days after the filing of the notice of removal.'"). As such, the Court has authority to consider motions to remand beyond 30 days, and a party opposing remand may waive any timeliness argument or be estopped from objecting. *See Walker v. United States*, 134 F.4th 437 (6th Cir. 2025) (holding that silence as to an issue can amount to waiver of objects of procedural defects).

4

14. Because NeoGenomics never received notice from Stockman and did not receive notice from the State Court until January 7, 2026, NeoGenomics submits that should be the date upon which its deadline to file a motion for remand should begin.

15. To the extent that the Court concludes that the deadline nonetheless began running at the time of Removal, it should find that Stockman either waived any timeliness argument or is estopped from raising any such objection. Either way, the Court should clarify that NeoGenomics may file a motion to remand on or before February 6, 2026.

16. NeoGenomics respectfully requests the Court provide clarity as to NeoGenomics' deadline to move to remand this action based on Stockman's failure to serve and the date upon which NeoGenomics received notice of his attempt to remove.

17. In order to avoid any prejudice or waiver, NeoGenomics submits a preliminary motion to remand that only includes arguments based on procedural errors in the event the Court does not issue an order clarifying NeoGenomics deadline prior to January 14, 2026. A copy of the preliminary motion to remand for procedural grounds is attached as Exhibit D. NeoGenomics reserves the right to amend this motion if the Court orders that NeoGenomics' deadline to file such a motion is on or after February 6, 2026.

5

Respectfully submitted this 14th day of January, 2026.

/s/ Daniel J. Martin
Daniel J. Martin
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL  35203
(205) 251-8100
dmartin@balch.com

6

**PROOF OF SERVICE**

I certify that on January 14, 2026, I served all parties with a copy of NeoGenomics' foregoing motion via the ECF system via PACER as well as certified mail as follows:

David L. Stockman
3871 Fortune Boulevard
Saginaw, MI 48603

Michigan Health Clinics, P.C.
3925 Fortune Boulevard
Saginaw, MI 48603

*/s/ Daniel J. Martin*
Daniel J. Martin
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL  35203
(205) 251-8100
dmartin@balch.com